CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUN 0 3 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| ROSCOE D. ROBERTSON, | CASE NO. 4:04CV00065 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | |

This challenge to a final decision of the Commissioner which denied plaintiff's July 8, 2002 claim for a period of disability, disability income benefits and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 and 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an order enter AFFIRMING the Commissioner's final decision, GRANTING judgment to the defendant and DISMISSING this case from the docket of the court.

In a decision eventually adopted as a final agency decision, an Administrative Law Judge (Law Judge) found that plaintiff, who had represented himself before the administration, met the

1

special earnings requirements of the Act through the date of his decision. (R. 23.) He also found that plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. (*Id.*) The Law Judge further determined that plaintiff suffered from discogenic and degenerative disorders of the back, which he found to be severe, but not severe enough to meet or equal the requirements of any listed impairment. (*Id.*) Finding that plaintiff's allegations regarding his limitations were not totally credible because of "questions raised about his motivation in physical therapy, his interest in secondary gain, and his masking of true mental abilities," the Law Judge concluded that plaintiff retained the "residual functional capacity for work at the light exertional level ... limited to lifting/carrying no more than 20 pounds; he is restricted so as to avoid repetitive bending, lifting, or twisting," and either standing/walking or sitting for about six hours in an eight-hour workday. (R. 21, 23.) Finding plaintiff's past relevant work as a floor cleaner, laundry worker, production worker, heavy equipment operator, and grocery store stocker/bagger required performance of work-related activities at a medium level, the Law Judge concluded that plaintiff was prevented from performing his past relevant work as precluded by his residual functional capacity at a light exertional level. (R. 17, 21.) By the application of the Medical-Vocational Guidelines and by reference to some of the testimony of a vocational expert (VE), the Law Judge determined that jobs were available to plaintiff in the economy. (R. 24.) Accordingly, the Law Judge determined that plaintiff was not disabled under the Act and denied plaintiff's claim for benefits.

The Appeals Council summarily concluded that the record as a whole did not provide a basis for granting a request for review. (R.7-8.)[1] Thus, the Appeals Council denied review and

---

[1]The record reveals that plaintiff secured representation by an attorney while the case was on administrative appeal. (R. 6-7.) Plaintiff's current attorney did not represent the plaintiff

adopted the Law Judge's decision as a final decision of the Commissioner. (R. 5.) This action ensued.

A reviewing court should not disturb the Commissioner's findings of fact if those findings are supported by substantial evidence; however if the Law Judge appears, without explaining his reasons, to have ignored some probative evidence a remand or reversal may be necessary. 42 U.S.C. § 405(g); *Laws v. Celebrezze*, 368 F. 2d 640 (4th Cir. 1966); *Hancock v. Barnhart*, 206 F.Supp.2d 757, 763 (4th Cir. 2002). Yet, a reviewing court cannot determine whether findings are supported by substantial evidence unless the Commissioner explicitly indicates the weight given to all of the relevant evidence. See, e.g., *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984); *Myers v. Califano*, 611 F.2d 980, 983 (4th Cir. 1980); *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979). Therefore, unless the Commissioner has analyzed all evidence and has sufficiently explained the weight she has given to obviously probative exhibits, to say that her decision is supported by substantial evidence approaches an abdication of the court's "duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Arnold v. Secretary*, 567 F.2d 258, 259 (4th Cir. 1979).

Plaintiff's chief contentions by counsel retained after the decision was entered by the Law Judge and originally asserted before the Appeals Council, are two-fold. First, counsel offers that the substantial evidence does not support the denial of the claim. Second, counsel believes that there is good cause to remand the case for further proceedings because plaintiff, who handled the claim *pro se*, did not have the mental ability to represent himself. (R. 6-7).

What constitutes "good cause" draws beyond the boundaries of the substantive merits of the

---

before the Appeals Council.

3

claim as presented in the record and is not constrained by whether the Commissioner's decision might have been supported by substantial evidence at the time of judicial review. *Walker v. Harris*, 642 F.2d 712, 714 (4th Cir. 1981). Further, a Law Judge has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, particularly when the claimant is not represented at the administrative level. *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) (Citing *Walker v. Harris*, 642 F.2d 712, 714 (4th Cir. 1981); *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980)); *Crider v. Harris*, 624 F.2d 15 (4th Cir. 1980).

The undersigned has carefully examined the record in light of plaintiff's contentions in this case. The plaintiff was thoroughly informed about his right to representation and potential means of acquiring it, but consistently waived that right, refusing an offered continuance of the hearing and asserting that he understood that waiver. (R. 32, 36, 40-42, 44, 179-180.) The Law Judge's conclusions about plaintiff's residual functional capacity and about whether jobs were available to him notwithstanding his severe impairments were based on the opinion of plaintiff's treating physician, other examining physicians' reports, and the opinion of the DDS medical consultants. As the Law Judge observed, "No treating or examining physician has mentioned findings identical, or equivalent in severity, to the criteria of any listed impairment." (R. 19.)

While the case was on administrative appeal, plaintiff retained counsel. However, counsel did not proffer to the Appeals Council and has not proffered to the court any additional medical evidence which could be viewed as likely to have affected the Law Judge's decision had the plaintiff, *pro se*, attempted to assemble it and present it in the first instance. This is so despite the fact significant time has passed between the date administrative proceedings were concluded and today. Thus, the medical evidence essentially is in the same state as it was when the Law Judge

4

decided the case. The court, then, is invited to speculate that a remand likely would produce a different result, which invitation the presiding court should decline.

In the end, the undersigned finds the final decision of the Commissioner is supported by substantial evidence, and that "good cause" has not been shown to remand the case for further proceedings. It is RECOMMENDED that an order enter AFFIRMING that final decision, GRANTING judgment to the defendant and DISMISSING this action form the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
U. S. Magistrate Judge

6/3/05
Date